1  ALEXANDER B. TRUEBLOOD (WA Bar No. 50612)
   TRUEBLOOD LAW FIRM
2  1700 Seventh Ave, Suite 2100
   Seattle, Washington 98101-1360
3  Telephone: (206) 707-9685
   Facsimile: (206) 832-4676
4
   Attorneys for Plaintiff
5  BARBARA THOMPSON

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF WASHINGTON

10                   SPOKANE DIVISION

11

12 BARBARA A. THOMPSON,              )  Case No: 2:19-CV-122
                                     )
13         Plaintiff,                )  **COMPLAINT FOR WRONGFUL**
                                     )  **REPOSSESSION**
14                                   )
                                     )
15     vs.                           )
                                     )
16 ACTION RECOVERY SERVICES,         )
   LLC, RONALD H. TUCKER aka         )
17 "TUCKER LEE," ROBERT DANNY        )
   LEE II, and HORIZON CREDIT        )
18                                   )
   UNION,                            )
19                                   )
                                     )
20         Defendants.                )
                                     )
21                                   )
                                     )
22                                   )
                                     )
23                                   )
                                     )
24                                   )
                                     )
25                                   )

26

27

28

Plaintiff Barbara A. Thompson hereby complains against defendants Action Recovery Services, LLC ("Action Recovery"), Ronald H. Tucker aka "Tucker Lee," Robert Danny Lee II, and Horizon Credit Union ("Horizon"), and alleges on information and belief as follows:

## OPERATIVE FACTS

1. On or about November 21, 2015, plaintiff purchased a 2016 Hyundai Tucson from a dealership in Spokane, Washington, which she intended to use primarily for personal, family, or household purposes. Plaintiff and the dealership entered into a written contract entitled "Retail Installment Sale Contract Simple Finance Charge" which granted the dealership a security interest in the vehicle, and provided for installment payments on the amount financed. The dealership then assigned this contract, including the security interest, to defendant Horizon.

2. Horizon alleged that plaintiff defaulted on her payments, and hired defendant Action Recovery to repossess plaintiff's vehicle, as an independent contractor.

3. Plaintiff is a senior citizen who receives social security benefits. She has multiple physical disabilities. On or about March 20, 2019, she pulled into a handicapped parking space at the Spokane social security office. While plaintiff was still in her vehicle, Action Recovery's tow truck pulled up behind plaintiff's vehicle, and physically blocked her from leaving. As plaintiff opened her driver's side door and prepared to exit the vehicle, Defendant Tucker Lee, an employee of Action Recovery, inserted himself directly between plaintiff and her door, close to plaintiff, and told plaintiff he was taking the car. Plaintiff could not leave the vehicle because Tucker Lee was blocking her with his body. Plaintiff told Tucker Lee that he was not taking the vehicle, that she had just made a payment, and to get away from her door. She shut and locked her door, and refused to move. Because plaintiff objected to the repossession, defendants had a legal obligation to immediately stop the repossession and obtain a court order instead of using self-

1  help repossession. But defendants refused to leave or stop the repossession.

2      4.    Action Recovery and Tucker Lee attached plaintiff's vehicle and
3  hoisted it up into the air, with plaintiff still inside. Plaintiff called the police, and
4  then Horizon. Plaintiff told Horizon that she was at that moment being hoisted up in
5  her car by Horizon's repo men. Horizon told plaintiff it was taking her car and her
6  only option was to pay the loan in full. Horizon did not call Action Recovery to
7  cancel the repossession, nor instruct it to let plaintiff's vehicle down from the tow
8  lift.

9      5.    Defendant Robert Lee, a manager and owner of Action Recovery, then
10 approached plaintiff and told her, among other things, that he was taking the
11 vehicle, that she had assaulted his son Tucker Lee, and that the FBI were on the
12 way, and would arrest her. None of this was true, except that Action Recovery
13 intended to take the vehicle no matter what plaintiff did. Plaintiff felt intimidated
14 by these false threats, and handed over the keys.

15     6.    Due to the foregoing conduct, defendant Action Recovery breached
16 the peace during the repossession of plaintiff's vehicle, in violation of the Uniform
17 Commercial Code, RCW § 62A.9A-609(b)(2).

## JURISDICTION AND VENUE

19     7.    The court has original jurisdiction over this matter pursuant to 15
20 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law
21 claims pursuant to 28 U.S.C. § 1367.

22     8.    Venue is proper in the Eastern District of Washington because a
23 substantial part of the events or omissions giving rise to the claim occurred in this
24 district, and defendant Action Recovery maintains its headquarters in this district.

## PARTIES

26     9.    Plaintiff Barbara A. Thompson is a natural person over the age of 18
27 years and is a resident of Chattaroy, Washington.

28     10.    Defendant Action Recovery Services, LLC is a Washington limited

liability company, located in Spokane, Washington.

11. Defendant Ronald H. Tucker aka "Tucker Lee" is a natural person over the age of 18 years, and a resident of Spokane, Washington.

12. Defendant Robert Danny Lee II is a natural person over the age of 18 years, and a resident of Spokane, Washington.

13. Defendant Horizon Credit Union is a Washington credit union.

## FIRST CAUSE OF ACTION
**(Against Defendants Action Recovery, Tucker Lee, and Robert Lee for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

14. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

15. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are each "debt collectors," as those terms are defined at 15 U.S.C. § 1692a. Defendants are persons who use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

16. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

17. Defendants had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of RCW § 62A.9A-609(b)(2).

18. Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

19. Plaintiff is entitled to statutory damages of $1,000 each, against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA

intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

20. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Against All Defendants For Violations Of The Washington Consumer Protection Act, RCW § 19.86.910 et seq)

21. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

22. Defendants committed unfair methods of competition and/or unfair or deceptive acts or practices, in the conduct of any trade or commerce, and therefore violated RCW § 19.86.020.

23. Defendants' acts were injurious to the public interest within the meaning of RCW 19.86.093.

24. Plaintiff was injured in her business or property by defendants' violations of RCW 19.86.020, and is therefore entitled to injunctive relief, actual damages, and attorneys fees and costs, pursuant to RCW § 19.86.090.

25. In addition to actual damages, plaintiff is entitled to treble damages not exceeding $25,000, pursuant to RCW § 19.86.090.

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION
### (Against Defendant Horizon for Violations of the Uniform Commercial Code)

26. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

27. Defendant Horizon Credit Union violated RCW § 62A.9A-609 by breaching the peace during the repossession.

28. Plaintiff is entitled to recover her actual damages caused by Horizon's failure to comply with the Uniform Commercial Code, pursuant to RCW 62A.9A-

625(b) and (c)(1).

29.     Plaintiff is entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to RCW 62A.9A-625(c)(2).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For treble damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and Washington constitutions.

Dated:  April 13, 2019              Respectfully Submitted,

TRUEBLOOD LAW FIRM


By:    /s *Alexander B. Trueblood*
           Alexander B. Trueblood

Attorneys for Plaintiff
BARBARA A. THOMPSON