FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA A. THOMPSON,<br><br>                 Plaintiff,<br><br>  v.<br><br>ACTION RECOVERY SERVICES, LLC; RONALD H. TUCKER, also known as Tucker Lee; ROBERT DANNY LEE, II; and HORIZON CREDIT UNION,<br><br>                 Defendants.<br><br>HORIZON CREDIT UNION,<br><br>                 Cross Claimant,<br><br>  v.<br><br>ACTION RECOVERY SERVICES, LLC; RONALD H. TUCKER; and ROBERT DANNY LEE, II,<br><br>                 Cross Defendants. | NO:  2:19-CV-122-RMP<br><br>JURY TRIAL SCHEDULING ORDER |

JURY TRIAL SCHEDULING ORDER ~ 1

A telephonic scheduling conference was held in this matter on June 25, 2019. Alexander B. Trueblood appeared on behalf of Plaintiff Barbara A. Thompson. Michael E. Siderious appeared on behalf of Defendant/Cross Claimant Horizon Credit Union. Herbert M. Munson appeared on behalf of Defendants/Cross Defendants Action Recovery Services, LLC; Ronald Tucker; and Robert Lee, II.

The Court has reviewed the parties' Joint Status Report, ECF No. 13, has heard from counsel, and is fully informed. Accordingly, **IT IS HEREBY ORDERED:**

1. *Motion Practice*

    (a) All parties shall adhere to LCivR 7.

    (b) Motions to Expedite, if any, shall be filed separately and noted for hearing at least seven (7) days from the date of filing, pursuant to LCivR 7(i)(2)(C). If the matter needs to be heard on a more immediate basis, the party filing the motion shall advise chambers of such.

    (c) All motions will be heard without oral argument unless oral argument is requested and approved by the Court. If oral argument is desired, the parties must contact the courtroom deputy to acquire a hearing date, s*ee* LCivR 7(i)(3)(B), and must advise the courtroom deputy why oral argument is appropriate.

    (d) All motion hearings in which oral argument has been approved shall be set for in-person appearance; however, the parties may request to

appear telephonically or by video conference.  **Speaker phones are not compatible with the Court's sound system and may not be used for telephonic hearings**.

  (e)  Notwithstanding the foregoing procedure, the Court may decide that oral argument is not warranted and may proceed to determine any motion without oral argument.  *See* LCivR 7(i)(3)(B)(iii).

 2. *Initial Disclosures*

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties shall disclose the following by **July 1, 2019**:

  (a)  A list of all individuals, including addresses and phone numbers, if known, who are likely to have discoverable information relevant to any issue in the case;

  (b)  A copy or description of all documents and tangible things that may be relevant to any issue in the case;

  (c)  A computation of any damages claimed by any party; and

  (d)  A description of any insurance agreement that must be made available for inspection and/or copying.

 3. Any motion to amend pleadings or add named parties shall be filed and served by **August 6, 2019**, or meet the standard of Fed. R. Civ. P. 16(b)(4).

/ / /

/ / /

JURY TRIAL SCHEDULING ORDER ~ 3

**4.    *Expert Disclosures***

The parties shall exchange the materials identified in Fed. R. Civ. P. 26(a)(2)(B) in accordance with the following schedule, but shall not file these materials with the Court.

    (a)  Each party shall identify its experts and serve written reports as required by Rule 26(a)(2) on all other parties by **December 19, 2019**.

    (b)  Each party shall identify its rebuttal experts and serve written reports as required by Rule 26(a)(2) on all other parties by **February 7, 2020**.

    (c)  The parties may modify the deadline for exchange of expert disclosures by joint stipulation filed with the Court; a motion is not required.

    (d)  Pretrial disclosure of the identity of all other persons shall conform to the requirements of Fed. R. Civ. P. 26(a)(1) (persons with relevant knowledge) and 26(a)(3) (witnesses).

**5.    *Discovery***

    (a)  All discovery shall be completed by **March 6, 2020**.

    (b)  The parties shall file no discovery except as necessary to support motions.

    (c)  The parties are expected to resolve discovery issues according to the Federal Rules of Civil Procedure and the Rules of Professional Conduct. However, if there is a genuine issue that cannot be resolved by the parties without Court intervention, the parties may call the courtroom deputy and

request a telephonic discovery conference with the Court. Once a status conference has been set, the parties shall email a succinct, one-to-two paragraph summary of the issue to the courtroom deputy and to each other.

6. **_Dispositive Motions and Motions to Exclude Expert Testimony_**

(a) All dispositive motions and motions challenging the admissibility of expert opinion testimony on the basis of _Daubert v. Merrell Dow Pharmaceuticals, Inc._, 509 U.S. 579 (1993), shall be filed and served by **March 27, 2020**.

(b) Briefing for _Daubert_ motions shall follow this district's schedule for non-dispositive motions. _See_ LCivR 7(c)(2), (d)(2).

(c) As with all motions filed in this case, dispositive motions and _Daubert_ motions shall comply with the page limits set forth in LCivR 7(f).

(d) If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its _Daubert_ motions by filing a notice of request for evidentiary hearing, describing the nature of the evidence to be presented and providing an estimate of the amount of time required for the hearing.

(e) The party seeking to exclude the testimony of an expert shall attach a copy of the Rule 26(a)(2) report produced by the expert to the _Daubert_ motion.

7. *Settlement Status*

(a) By **April 24, 2020**, the parties shall file a Settlement Status Certificate stating whether they would be in agreement to schedule mediation with one of the court's senior judges or full-time magistrate judges.

(b) If the parties fail to file a Settlement Certificate by the date given, the parties shall appear before the Court for a telephonic status conference on **May 1, 2020**, at **9:30 a.m.** to discuss the prospect of a settlement conference. This hearing shall take place only if the parties fail to file the Settlement Certificate, in which case the parties shall call the Court's toll-free conference line at **(888) 363-4749** and enter **access code 6699898#**. Please listen carefully and follow the automated instructions so that you can be added to the conference in a timely manner. **Speaker phones are not compatible with the Court's sound system and may not be used**.

8. *Exhibit and Witness Lists*

(a) Exhibit lists and witness lists shall be filed and served and exhibits made available for inspection (or copies provided), by **June 25, 2020**.

(b) The witness list shall include identification of each witness's testimony. For any expert witness included on the witness list, the proffering party shall e-mail the Rule 26(a)(2) report to the Court at petersonorders@waed.uscourts.gov.

JURY TRIAL SCHEDULING ORDER ~ 6

   (c) Objections to the opposing party's witness and exhibit lists and any accompanying briefs shall be filed and served by **July 2, 2020**. Failure to comply with this paragraph could be deemed to constitute a waiver of all objections. Do not submit blanket or boilerplate objections to the opposing party's exhibits. These will be disregarded and overruled.

   (d) All exhibits to which there is no objection shall be deemed admitted, subject to any objections at trial that could not be raised in advance.

   (e) Responses, if any, to objections to witnesses and exhibits shall be filed and served by **July 9, 2020**.

   (f) By **July 9, 2020**, the parties shall prepare and file a pretrial exhibit stipulation that contains each party's numbered list of all trial exhibits with the opposing party's objections to each exhibit, including the basis of the objection and the offering party's brief response. The pretrial exhibit stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiff's/Defendants' Exhibits**

| Exhibit No. | Description | If Objection, State Grounds | Response to Objection |
|---|---|---|---|

   (g) Copies of exhibits to which there are objections shall be provided to the Court, on a flash drive or disk, by **July 9, 2020**.

JURY TRIAL SCHEDULING ORDER ~ 7

(h) Objections to exhibits and witnesses shall be heard at the pretrial conference.

(i) Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial. Plaintiff's trial exhibits are to be numbered 1 through 199; Defendants' exhibits are to be numbered 200 and following.

(j) The Court utilizes JERS (Jury Evidence Recording System) to allow evidence admitted for a trial to be viewed electronically via touchscreen monitor in the jury deliberation room upon the conclusion of the trial. Please note that the jury will receive a verbatim copy of the JERS exhibit list. Please carefully review and follow the instructions provided.

JERS Instruction Sheet for Attorneys

**9.    *Designation of Testimony***

(a) Designation of substantive, as opposed to impeachment, deposition testimony shall be by highlighting and shall be served upon opposing counsel, but not filed, by **June 25, 2020**.

(b) Cross-designations by highlighting in a different color shall be served, but not filed, by **July 2, 2020**.

(c) Objections to any designated deposition testimony shall be filed and served by **July 9, 2020**, and shall be heard and resolved at the pretrial conference.

JURY TRIAL SCHEDULING ORDER ~ 8

(d)  Copies of designations to which there are objections shall be provided to the Court, on a flash drive or disk, by **July 9, 2020**.

10. *Motions in Limine*

(a)  All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by Motions in Limine to be filed and served by **July 10, 2020**.

(b)  Responses shall be filed and served by **July 17, 2020**.

(c)  Replies shall be filed and served by **July 24, 2020**.

(d)  Motions in Limine shall be noted for hearing at the pretrial conference.

11. *Pretrial Order*

(a)  A joint Pretrial Order, prepared in accordance with the format provided in LCivR 16(e) shall be filed by **July 30, 2020**, and a copy e-mailed in Word format to the Court at petersonorders@waed.uscourts.gov.  The Court will *not* accept individually filed pretrial orders.

(b)  Any facts that are agreed upon by the parties and require no proof must be submitted to the Court prior to trial as written stipulations.

(c)  The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above in paragraph 8(i).

(d) In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

12. **_Trial Briefs and Proposed Voir Dire_** shall be filed by **July 30, 2020**.

13. **_Jury Instructions_**

No later than **July 30, 2020**, the parties shall:

(a) Confer regarding jury instructions and file jointly proposed jury instructions and a table of proposed jury instructions for the Court's consideration.

(b) The jointly proposed jury instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each count, any necessary definitions, and a proposed verdict form.

(i) All instructions shall be short, concise, understandable, and neutral statements of the law. Argumentative instructions shall not be submitted or given.

(ii) The parties shall provide the Court electronically with a table of proposed, cited Jury Instructions. This table shall include:

(a) The instructions on which the parties agree;

(b) The instructions that are disputed; and

(c) The basis of any objection.

(d)  The jury instruction table shall be substantially in the following form:

| Proposed by: | Instruction # | 9th Cir. Cite | Objection | Response to Objection |
|---|---|---|---|---|

(c)  In addition to the jury instruction table, each party shall address any objections they have to instructions proposed by any other party in a memorandum which identifies the specific portion of any proposed instruction to which they object and shall concisely state the basis for the objection.

(d)  If any proposed instruction is a modified version of model instructions, the parties shall identify the modification and legal authority for the modification.

(e)  Objections asserting that an instruction sets forth an incorrect or inappropriate statement of law shall cite specific legal authority supporting the objection.

(f)  Failure to file an objection and supporting memorandum may be construed as consent to the adoption of an instruction proposed by another party.

14.  **Court Dates**

(a)  An in-person pretrial conference will be held on **August 11, 2020,** at **11:00 a.m.** in **Spokane**, Washington.  If the parties prefer to conduct the pretrial conference telephonically, they may contact the courtroom deputy to

JURY TRIAL SCHEDULING ORDER ~ 11

make that request, at which time the courtroom deputy will advise the parties of the call-in information.

(b)  The **jury** trial shall commence on **August 24, 2020**, at **9:00 a.m.** in **Spokane,** Washington.  Counsel estimates a trial length of **five (5) days**.

**15**.  The Court requires that the following be submitted to the courtroom deputy clerk no later than **August 17, 2020**.

(a)  The original binder of exhibits together with three discs or flash drives containing copies of the same.  Exhibits for presentation at trial shall be placed in a tabbed binder indexed by exhibit number with exhibit tags placed consistently on the bottom right corner of each exhibit.

(b)  One copy of a final joint exhibit list.   Joint Exhibit List Form

(c)  One copy of witness lists in the order in which the witnesses are expected to be called to testify.

**16**.  Pursuant to Fed. R. Civ. P. 16, this schedule shall not be modified unless the Court finds good cause to grant leave for modifications.  Fed. R. Civ. P. 16(f) provides for sanctions for failure to obey the Scheduling Order.

**IT IS SO ORDERED**.  The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this June 25, 2019.

                                      *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                  United States District Judge